SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

No. CV- 200900680

GREGORY SPEARS,

        Plaintiff,

-vs-

GENERAL ELECTRIC COMPANY;
GENERAL ELECTRIC AVIATION;
THE GRAND LODGE OF THE
INTERNATIONAL ASSOCIATION OF MACHINISTS
AND AEROSPACE WORKERS,
LOCAL LODGE NO. 794

        Defendants.

## NOTICE OF APPEAL AND COMPLAINT FOR DAMAGES

COMES NOW Plaintiff and for his Complaint would show the Court as follows:

### I. PRELIMINARY STATEMENT

1. This is an appeal and civil complaint caused by the actions of Defendants against Mr. Spears while he was Defendants General Electric Aviation and General Electric Company's employee and subordinate. Mr. Spears seeks relief pursuant to the New Mexico Human Rights Act, N.M.S.A. § 28-1-1 *et seq.*, for Defendants' race discrimination and retaliation against him. Mr. Spears also seeks damages under state law for breach of contract and other violations of New Mexico law.

### II. JURISDICTION

2.     This Court has jurisdiction pursuant to N.M.S.A. § 28-1-13.

3.     All the significant events which form the basis for this action occurred in Bernalillo


EXHIBIT A

County, New Mexico.

4. Plaintiff has completed all administrative pre-conditions to the filing of an action under the New Mexico Human Rights Act, and has exhausted all administrative remedies.

### III. PARTIES

5. Gregory Spears is a black male and a United States citizen residing in Albuquerque, New Mexico.

6. Defendant General Electric Company is a New York corporation doing business in New Mexico through its subsidiary company, Defendant General Electric Aviation. General Electric was Plaintiff's employer and took the actions and made the decisions which are complained of in this lawsuit. General Electric employs four or more persons, and does business in Bernalillo County, New Mexico. General Electric is an employer as defined by the New Mexico Human Rights Act, and Mr. Spears was an employee as defined by that Act.

7. Defendant General Electric Aviation (GE-Aviation) is an Ohio corporation doing business in New Mexico. GE-Aviation produces jet engines for commercial and military aircraft, supplies aircraft-derived engines for marine applications, and provides aviation services. GE-Aviation was Plaintiff's employer and took the actions and made the decisions which are complained of in this lawsuit. GE-Aviation employs four or more persons, and does business in Bernalillo County, New Mexico. GE-Aviation is an employer as defined by the New Mexico Human Rights Act, and Mr. Spears was an employee as defined by that Act.

8. The Grand Lodge of the International Association of Machinists and Aerospace Workers, Local Lodge No. 794 (Local 794) is a labor organization doing business in Albuquerque, New Mexico. At all relevant times, Local 794 had a Collective Bargaining Agreement with General

Electric and GE-Aviation for its Plant located in Albuquerque, New Mexico. Local 794 is a labor organization as defined by the New Mexico Human Rights Act, and Mr. Spears was a union member belonging to the bargaining unit covered by the Collective Bargaining Agreement between Local 794 and GE-Aviation.

## IV. FACTUAL ALLEGATIONS

9. Gregory Spears began working for General Electric Company, GE-Aviation (collectively, GE-Aviation) in its Albuquerque plant in November 1977. When he joined the company in 1977, he was hired on the assembly line, although he had applied as a welder. His position at termination was driver.

10. From the time when Mr. Spears joined GE-Aviation, he suffered racial slurs and discriminatory remarks in the workplace, as well as co-worker complaints that they did not want to work with him. He endured discriminatory remarks from co-workers regarding his marriage to a non-black woman. He was subjected to disproportionate discipline as compared to non-black co-workers. Mr. Spears complained to Defendants about a number of these instances over the nearly 30 years that he worked for GE-Aviation.

11. Beginning in the late 1990's, GE-Aviation eliminated Mr. Spears' job on the assembly line, reassigned him as a machinist, and refused to train him.

12. Mr. Spears made repeated requests to be trained as a machinist from the late 1990's until his termination in 2007, but GE-Aviation consistently refused to train him.

13. Other non-black employees of GE-Aviation who were reassigned as machinists were trained to perform that job.

14. GE-Aviation provided machinist training to a number of non-black employees who

3

had less seniority that Mr. Spears.

15. Although Mr. Spears filed grievances challenging GE-Aviation's repeated refusal to train him, Defendant Local 794 refused to pursue the grievances to arbitration, and the denial of training continued for the remainder of his employment.

16. Upon information and belief, Local 794 pursued denial of training grievances to arbitration for similarly situated non-black employees.

17. In about 2006, GE-Aviation finally reassigned Mr. Spears as a forklift driver instead of training him to perform the machinist job he held.

18. Mr. Spears requested to work overtime on weekends off and on throughout his employment with GE-Aviation, but the company consistently denied his requests. GE-Aviation granted overtime to other, non-black employees.

19. Although Mr. Spears filed grievances challenging GE-Aviation's repeated refusal to give him overtime, Defendant Local 794 refused to pursue the grievances to arbitration, and the denial of overtime continued for the remainder of his employment.

20. Upon information and belief, Local 794 pursued denial of overtime grievances to arbitration for similarly situated non-black employees.

21. Mr. Spears suffered racial harassment when he worked at GE-Aviation, on a continuing basis from the time of hire until termination. This harassment included racial slurs, discriminatory remarks, physical intimidation and violence, false accusations, and other conduct based on racial discrimination. The harassment was unwelcome, severe and pervasive, and it was directed at him because he is black. The conduct unreasonably interfered with Mr. Spears' work performance, affected the terms, conditions, or privileges of his employment, and created an

4

intimidating, hostile or offensive work environment based on race.

22. Mr. Spears filed grievances with Local 794 regarding the denial of training, denial of overtime, and racial harassment issues. He also complained to GE-Aviation's Human Resources Department about the racial harassment issue.

23. The denial of training, denial of overtime, and racial harassment issues were continuing at the time of termination.

24. Mr. Spears further filed charges with the Equal Employment Opportunity Commission of race discrimination and racial harassment against Defendants in May 2007, and filed an additional charge of retaliation (based on an earlier EEOC charge filed in October 2003) against Defendant GE-Aviation. Despite repeated contacts and numerous extensions from the EEOC, GE-Aviation did not respond to the May 2007 charge until June 6, 2008, after the EEOC informed GE-Aviation it would "be forced to issue a determination based upon the information provided by the Charging Party" should GE-Aviation not respond by that date.

25. After Mr. Spears made those charges, and because he made those charges, and earlier complaints of discrimination, Defendant GE-Aviation took further retaliatory action against him. Specifically, GE-Aviation subjected Mr. Spears to disciplinary action and terminated his employment effective October 10, 2007.

26. Defendant GE-Aviation engaged in retaliation, reprisal, and discrimination against Mr. Spears, subjecting him to adverse employment actions because he opposed unlawful discriminatory practices and participated in proceedings under the New Mexico Human Rights Act.

27. Although in 2007, Mr. Spears was under a physician's care and providing GE-Aviation with medical documentation, GE-Aviation claimed it had no documentation of Mr. Spears'

5

medical condition, which was causing him to take medical leave from work.

28. Mr. Spears was qualified to perform his last position at GE-Aviation, the position of driver, and he met the requirements of the job.

29. Upon information and belief, GE-Aviation replaced Mr. Spears with a non-black driver.

30. Mr. Spears' race was a determining factor in Defendants' decision to terminate him.

31. Mr. Spears was terminated on the basis of his race, and this termination was intentional and willful. Any other reasons given by Defendant are pretextual. Defendant treated Mr. Spears in a disparate manner due to his race.

32. Mr. Spears' race was a determining factor in Defendant GE-Aviation's denial of training to Mr. Spears, and in Defendant Local 794's decision not to pursue denial of training grievances on his behalf.

33. Mr. Spears' race was a determining factor in Defendant GE-Aviation's denial of overtime to Mr. Spears, and in Defendant Local 794's decision not to pursue denial of overtime grievances on his behalf.

34. Upon information and belief, black men and women are significantly under-represented in Defendant's workforce, Defendant is engaged in a pattern and practice of excluding black people, and their employment practices have a disparate impact upon black employees such as Mr.Spears.

35. At the time Mr. Spears applied for work with GE-Aviation, and from the time he was hired, the employment relationship between Mr. Spears and GE-Aviation was governed by an explicit and implicit, written and oral employment contract, which included a collective bargaining

agreement, employee handbooks, rules, and policies, written and unwritten. The terms of this contract required that Mr. Spears could only be fired for just cause or a legitimate reason.

36. The contract further provided that Defendants would not discriminate in the application of the provisions of the collective bargaining agreement against any employee because of race or color.

37. Defendant did not have a just cause or legitimate basis for firing Mr. Spears in October 2007.

38. Defendants' actions against Mr. Spears did not comply with the contract, and the reasons given by Defendants for these actions were not based on good or sufficient cause. Defendants breached the contract, and as a result of the breach, Mr. Spears suffered injury.

39. The contract also imposed a duty of good faith and fair dealing in its performance and enforcement.

40. Defendants breached the implied covenant of good faith and fair dealing in that their actions were unfair and in bad faith. Those actions injured Mr. Spears' rights to receive the benefit of his contract with GE-Aviation.

41. Defendant's actions as set out in this Complaint were reckless, intentional, willful, wanton, oppressive, malicious, fraudulent, and done in reckless disregard of Plaintiff's rights. As a result of Defendant's actions, Mr. Spears has suffered damages, including lost earnings and benefits, personal physical injuries, emotional distress and other pain and suffering. He has lost income and benefits and suffered other compensatory damages.

42. In the alternative, if Defendants' actions as set out in this Complaint were lawful, those actions were intentional, and were done with the intent to injure Mr. Spears. Mr. Spears was

7

injured, and there was no justification, or there was insufficient justification, for Defendants' actions.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

43. Defendants' actions as set out in this Complaint constitute intentional and willful discrimination against Plaintiff on the basis of his race in violation of the New Mexico Human Rights Act.

### SECOND CLAIM FOR RELIEF

44. Defendant GE-Aviation's actions as set out in this Complaint constitute reprisal against Plaintiff in violation of the New Mexico Human Rights Act.

### THIRD CLAIM FOR RELIEF

45. Defendants' actions as set out in this Complaint constitute a breach of contract.

### FOURTH CLAIM FOR RELIEF

46. Defendants' actions as set out in this Complaint constitute a breach of the duty of good faith and fair dealing.

### FIFTH CLAIM FOR RELIEF

47. Defendants' actions as set out in this Complaint constitute a *prima facie* tort.

WHEREFORE, Plaintiff prays that this Court:

1. Grant judgment to Plaintiff on all claims;

2. Award him compensatory and punitive damages, including back pay and lost work benefits, in an amount to be determined at trial;

3. Award him costs and reasonable attorney fees in bringing this action; and

4.   Grant him such other relief as this Court deems just and equitable.

        Respectfully submitted,

    By: _/s/ Gregory B. Spears_
        Gregory Spears
        Attorney Pro Se
        1812 Britt Street N.E.
        Albuquerque, New Mexico 87112
        Telephone: (505) 385-5097

11/04/08   TUE 10:32 FAX 505 827 6878        HUMAN RIGHTS DIV.                                    ☒002

BILL RICHARDSON
GOVERNOR



BETTY SPARROW DORIS
SECRETARY

STATE OF NEW MEXICO
DEPARTMENT OF WORKFORCE SOLUTIONS

RAYMOND GONZALES
DEPUTY SECRETARY

Labor Relations Division
Human Rights Bureau
Director: Francie Cordova
Phone: (505) 827-6838
Fax: (505) 827-6878

## ORDER OF NONDETERMINATION

October 28, 2008

Mr. Gregory Spears
1812 Britt Street, NE
Albuquerque, NM 87112

RE:   Gregory Spears vs. International Association of Machinists
      EEOC# 543-2007-00950

Dear Mr. Spears:

As authorized by Section 28-1-10 (D) of the New Mexico Human Rights Act and the Work Sharing Agreement between the Equal Employment Opportunity Commission and the New Mexico Human Rights Division, this letter constitutes an Order of Nondetermination as to your complaint. In accordance with Mitchell-Carr, Smith, Vaughn and Herrera v. Office and Professional Employees International Union Local 251, 1999-NMSC-025, ¶ 10, 127 N.M. 282, this Order of Nondetermination is issued to afford you the right to pursue your complaint under the Human Rights Act in state district court.

By issuing this Order of Nondetermination, the division has closed this complaint administratively, with prejudice. Therefore, you may not file this complaint with this division. You may obtain a new trial; however, by appealing this Order of Nondetermination to the proper district court. According to Section 28-1-13 (A) of the New Mexico Human Rights Act, you have ninety (90) days from the date of service of this Order of Nondetermination to file notice of appeal in the district court of the county where the alleged discriminatory practice occurred or where the respondent does business. Section 28-1-13 (A) of the Act also requires that you serve a copy of the notice of appeal personally or by certified mail, return receipt requested, at the last known address of all parties. You also must serve a copy of the notice of appeal on the division

office in Santa Fe. To properly serve the parties, you must comply with any other service of process requirements set forth in the New Mexico Rules of Civil Procedure at 1-004.

IF YOU DO NOT FILE A NOTICE OF APPEAL WITH THE APPROPRIATE DISTRICT COURT WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS ORDER, AND IF YOU DO NOT PROPERLY SERVE THE NOTICE, YOUR RIGHT TO APPEAL THIS ORDER OF NONDETERMINATION TO THE DISTRICT COURT WILL EXPIRE.

If you have any question concerning this Order of Nondetermination, you may contact the Human Rights Division at 827-6838.

Sincerely,

Francie Cordova
Director

cc:   Ernest Dow, President, International Association of Machinists

HUMAN RIGHTS DIV.                    ⌀004

BILL RICHARDSON
GOVERNOR



BETTY SPARROW DORIS
SECRETARY

**STATE OF NEW MEXICO
DEPARTMENT OF WORKFORCE SOLUTIONS**

RAYMOND GONZALES
DEPUTY SECRETARY

Labor Relations Division
Human Rights Bureau
Director: Francie Cordova
Phone: (505) 827-6838
Fax: (505) 827-6878

## ORDER OF NONDETERMINATION

November 4, 2008

Mr. Gregory Spears
1812 Britt Street, NE
Albuquerque, NM 87112

RE:   Gregory Spears vs. General Electric Aviation
      EEOC# 543-2007-00949

Dear Mr. Spears:

As authorized by Section 28-1-10 (D) of the New Mexico Human Rights Act and the Work Sharing Agreement between the Equal Employment Opportunity Commission and the New Mexico Human Rights Division, this letter constitutes an Order of Nondetermination as to your complaint. In accordance with Mitchell-Carr, Smith, Vaughn and Herrera v. Office and Professional Employees International Union Local 251, 1999-NMSC-025, ¶ 10, 127 N.M. 282, this Order of Nondetermination is issued to afford you the right to pursue your complaint under the Human Rights Act in state district court.

By issuing this Order of Nondetermination, the division has closed this complaint administratively, with prejudice. Therefore, you may not file this complaint with this division. You may obtain a new trial; however, by appealing this Order of Nondetermination to the proper district court. According to Section 28-1-13 (A) of the New Mexico Human Rights Act, you have ninety (90) days from the date of service of this Order of Nondetermination to file notice of appeal in the district court of the county where the alleged discriminatory practice occurred or where the respondent does business. Section 28-1-13 (A) of the Act also requires that you serve a copy of the notice of appeal personally or by certified mail, return receipt requested, at the last known address of all parties. You also must serve a copy of the notice of appeal on the division

11/04/08  TUE 10:54 FAX 505 827 6878        HUMAN RIGHTS DIV.                    ⌀005

office in Santa Fe. To properly serve the parties, you must comply with any other service of process requirements set forth in the New Mexico Rules of Civil Procedure at 1-004.

IF YOU DO NOT FILE A NOTICE OF APPEAL WITH THE APPROPRIATE DISTRICT COURT WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS ORDER, AND IF YOU DO NOT PROPERLY SERVE THE NOTICE, YOUR RIGHT TO APPEAL THIS ORDER OF NONDETERMINATION TO THE DISTRICT COURT WILL EXPIRE.

If you have any question concerning this Order of Nondetermination, you may contact the Human Rights Division at 827-6838.

Sincerely,

Francie Cordova
Director

cc:   Scott M. Loomis, Esq., GE Aviation